Hitchcock, J.
A variety of questions are presented by the pleadings in this case; more, in fact, than what seem to the Court necessary for the disposition of the case. The action is upon what is usually denominated, a prison bounds bond. Previous to the enactment of the law to abolish imprisonment for debt, it was at the election of the judgment creditor to pro *397 ceed against the property of his creditor by writ of fi. fa.' or against the body of his debtor by writ of ca. sa. But, since the enactment of - that law, judgments cannot be enforced by ca.' sa., except in certain specified cases; and an examination of the cases specified will show, that it is only where a debtor attempts to defraud his creditors, can he be arrested and imprisoned. This law is one favorable to the personal liberty of the citizen, and should be liberally construed, to effect that object. By this law, no process, either mesne or final, can issue against the body of a defendant, except in pursuance of an order previously made by the Court, or a Judge of the Court, , from which the process is issued. If it be issued without such order, it is vqid, as to all persons interested, except the 'officer to whom it is directed, and voidable as to him.
By the last plea filed in this case it appears, that the ca. sa. in virtue of which ‘Lewis Robinson was arrested and imprisoned, had been set aside and quashed, and that the order allowing the same, has been set aside, rescinded and vacated by an order of this Coxlrt. True, this was done subsequent to the appeal of the case now under consideration, and, strictly speaking, the plea embodying these facts should have been one puis darrein continuance. But the parties seem to have treated it as if properly filed, and it is met by a demurrer.
The question submitted to the Court is, whether these facts constitute a legal bar to.the plaintiff’s action? They show that the plaintiff has, without authority of law, caused Lewis Robinson to be imprisoned, and to procure his discharge, he, together with his sureties, were induced to execute the bond now in suit. The ca. sa. has been quashed, and, so far as the plaintiff is concerned, the case is as if none had been issued. The order, in pursuance of which it was issued, has been vacated. It is the same as if no order had been made. Where a debtor is legally imprisoned, he cannot be entitled to the privilege of the prison bounds until he has given bond to the credit- or, according to the provisions of the statute; and, if, in such *398 case, he escapes, the bond is forfeited. But, where a debtor is. imprisoned by procurement of his creditor, acting without the authority of law, and to procure his .enlargement executes such bond, it seems to the Court, that.such bond must be held to be void. The facts set forth in this plea show, that the imprisonment was illegal, and, if so, the bond given to procure the enlargement of the prisoner cannot be enforced, either against him or his sureties. In the opinion of the Court, this last plea is a good bar to the plaintiff’s action.
We might stop here, but it may be well to consider for a moment, the other pleas.
The-first plea demurred to, is the plea of nil debit. Is this a good plea to an. action of debt upon a bond like the one now in suit ? We think it is. In debt, where a specialty is the foundation of the action, nil debit is not a good plea. But where the deed is only the inducement to the action, and. extrinsic matters of fact the foundation, as in the present case, or on appeal bonds and such like, then nil debit is a proper plea. 11 Johns. Rep. 472.-
The third plea is, that the. bond was taken for too small a sum; and the fourth, that- the sum was too great.
It seems to the Court, that neither of these pleas can avail the defendants. True, the statute requires that the penalty of the bond shall be double the amount Of the debt for which the prisoner is imprisoned. But it is not void, if a little more or less. If more, nothing can be recovered for a breach of the condition beyond the debt. If less, it certainly, can do the obligors no harm. ’ ’ ’ '
The fifth plea is, that no order was made by the Court, or any Judge thereof, upon affidavit of the plaintiff, &c., authorizing the issuing of a ca. sa., &g.
It seems to be admitted by the plaintiff’s counsel, that if the ca. sa. was void’ then the imprisonment was illegal, and the bond, of course, void; but it is supposed that the process is not void, unless the officer would-be a trespasser in -executing it. We understand the rule, so far as the officer is concerned, *399 to be this: If the process is void, upon its face, the officer commits a trespass if he executes it; but if, upon its face, it is good, he will be protected, although the process may be avoided by extrinsic circumstances. But this case is not one in which the officer is concerned. It is the plaintiff in the execution who is prosecuting this suit. So far as he is concerned, the process may be void, although, being good upon its face, it would protect the officer. This plea shows, that the plaintiff caused a ca. sa. to be issued without any previous order of the Court, which order is indispensably necessary. It was issued by his procurement, not only without law, but in violation of positive law. The act was, on his part, an illegal act, and for an arrest made under it he would be chargeable with trespass. An arrest was made. So far as the plaintiff is concerned, it was illegal; and, to procure the enlargement of the prisoner, the bond in suit was executed. Under these circumstances, the plaintiff cannot avail himself of the bond thus illegally procured.
The next plea in order is, that the ca. sa. did not recite or set forth any order made by the Court, &c.
Such recital is not necessary. Before a ca. sa. can be issued, proof must be made to the Court or Judge, by the affidavit of the plaintiff, and by other evidence, that the case is within the exceptions in the statute;. whereupon an order is made for the issuing of the writ. This does not, however, constitute any part of the writ; nor need it be recited therein, nor indorsed thereon.
The eighth plea is, that the ca. sa. was issued under an order, made by the Court, solely upon the affidavit of the plaintiff, without any other testimony, &c.
It has frequently been decided by this Court upon the circuit, that a ca. sa., so issued, was void as to all persons, except the officer to whom directed. It was so held in this case, when the order of the Court of Common Pleas was before it on certiorari. If this is a correct construction of the law, a ca. sa. *400 so issued, would not protect a judgment creditor when sued in trespass, nor can such creditor avail himself of a “ prison bounds bond,” given to procure the enlargement of a prisoner arrested under such process.
The seventh plea, is a plea of duress.
It is admitted by the plaintiff’s counsel, that this plea, as filed by the principal in the bond, is good; but it is insisted, that although the principal may avail himself of this defence, yet, that his sureties cannot — that they will not be permitted to plead the duress of their principal; and many authorities are cited to sustain this position. Upon this point, however, the authorities are contradictory; and it seems to us that those opposed to this principle are most consistent with reason.
The tenth plea sets forth, in substance, that although the order for the ca. sa. was based upon the affidavit of the plaintiff, that the said Lewis was about to remove his body out of the jurisdiction of the Court, whereas, in fact, the said Lewis was not about so to remove his body.
The object of this plea is, to put in issue the question of fact, whether the said Lewis was about to remove. The defendants cannot avail themselves of this defence. True, the order for a ca. sa. is procured upon an ex parte application of a plaintiff or his attorney, yet, when once procured, it is so far conclusive that it cannot be collaterally impeached.
Upon full consideration, the Court are of opinion that the demurrer is well taken to the third, fourth, sixth and tenth pleas; and the first, fifth, seventh, eighth and last pleas, are sufficient in law to bar the plaintiff’s action.